**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VALENTINO ZUNIGA, and )<br>JAMES VAUGHN, )<br>   )<br>   **Plaintiffs,** )<br>   )<br>v.   ) <br>   )<br>THE BOEING COMPANY, )<br>   )<br>   **Defendant.** ) | Case No. 02-CV-807-TCK-SAJ |

## OPINION AND ORDER

Before the Court is Plaintiff Valentino Zuniga's ("Zuniga") Motion for Leave to File Second Amended Complaint (Dkt. No. 187), Plaintiff Zuniga's Request for Court to Reconsider its Order Granting Opposed Motion for Extension of Time to File Motions in Limine (Dkt. No. 197), and Defendant's Motion to Withdraw Its Motion to Stay Pending Tenth Circuit Ruling (Dkt. No. 204).

### I.    Background and Procedural History

Zuniga filed an action against Defendant, alleging that he was laid off in June 2002 during the course of a company-wide reduction in force ("RIF") because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Zuniga specifically alleges age bias in the low ratings that he received from his supervisor, David Reid, during the rating/ranking exercise implemented by Defendant in January 2002 as a means of identifying employees for layoff.

On February 25, 2004, the Court granted summary judgment in favor of Defendant (Dkt. No. 69), based, in part, on the finding that the layoffs of two other employees, James Hanna in March 2002 and James Vaughn in August 2003, were not reasonably related to Zuniga's layoff, and, therefore not probative of the issue of discriminatory motive. Specifically, the Court found that Hanna's layoff was not relevant because he worked in a different department than Zuniga, under a

different supervisor, and performed a completely different job than Zuniga.  The Court similarly found that Vaughn's layoff was insufficient to show discriminatory motive because he was laid off one year after Zuniga as a result of a different layoff exercise and because Vaughn reported to a different supervisor.

On appeal, in an unpublished opinion, the Tenth Circuit reversed this Court's summary judgment order and remanded the case for further proceedings.  The panel found that the Court should have considered the layoffs of Hanna and Vaughn in determining whether there was a fact issue as to discriminatory motive.  Further, the panel found that such a fact issue existed because the employees were laid off within a year as part of a "continuing RIF," their selection was based on similar, subjective criteria, and they were all the oldest employees in their respective departments at the time of termination.

Thereafter, on March 14, 2006, the Court granted Zuniga's Motion to Consolidate and consolidated the instant case with a separate action filed by Mr. Vaughn (Dkt. No. 144) ("Consolidation Order").  Defendant filed an appeal of the Consolidation Order with the Tenth Circuit on April 14, 2006, which was dismissed as an interlocutory appeal on August 28, 2006.  The case was stayed during the pendency of Defendant's appeal of the Consolidation Order (Dkt. No. 165).  The case is currently set for trial on February 20, 2007.

**II.     Plaintiff Zuniga's Motion for Leave to File Second Amended Complaint**

Zuniga seeks to file a Second Amended Complaint in order to: (1) add a claim for an Oklahoma public policy tort based upon age discrimination; and (2) eliminate his cause of action based upon disparate impact under the ADEA.  FED. R. CIV. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  The purpose of the Rule is to provide litigants "the

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). As stated by the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In support of his request to add a claim for an Oklahoma public policy tort, Zuniga cites the Oklahoma Supreme Court's opinion in *Saint v. Data Exchange, Incorporated*, 145 P.3d 1037 (Okla. 2006), which was decided during the pendency of Defendant's appeal to the Tenth Circuit of this Court's Consolidation Order. Because *Saint* recognizes for the first time the existence of an Oklahoma public policy tort based upon age discrimination, Zuniga seeks to add this new tort to his Complaint against Defendant. *Id*. at 1038-39.

Zuniga's desire to eliminate his previously-pled ADEA disparate impact claim is based upon the Tenth Circuit's recent opinion in *Pippin v. Burlington Resources Oil & Gas Company*, 440 F.3d 1186 (10th Cir. 2006). It is Zuniga's contention that "the reasonable factors other than age defense discussed and applied in *Pippin*" have led him to choose not to pursue his disparate impact cause of action.

The Court finds that Zuniga has shown good cause in support of his motion to file a Second Amended Complaint, especially in light of the liberal standard of FED. R. CIV. P. 15(a). Zuniga should have the opportunity to alter his claims against Defendant given the recent rulings by the

Oklahoma Supreme Court and the Tenth Circuit, and there is no evidence that Zuniga has acted in bad faith in seeking to amend his claims. It is accordingly the Order of the Court that Plaintiff Zuniga's Motion for Leave to File Second Amended Complaint (Dkt. No. 187) is GRANTED.[1] Zuniga shall have ten (10) days from the date of this Order to filed such amended complaint.

### III. Plaintiff Zuniga's Request for Court to Reconsider its Order Granting Opposed Motion for Extension of Time to File Motions in Limine

Zuniga moves the Court to reconsider its Order granting Defendant's motion for extension of time to file motions in limine. On December 4, 2005, Defendant filed an Opposed Motion for Extension of Time to File Motions in Limine (Dkt. No. 194) ("Motion for Extension"). Therein, Defendant requested that the deadline for motions in limine, previously set for December 4, 2006, be extended to within five (5) days of the Court denying Defendant's motion to stay (Dkt. No. 193) or within five (5) days of the Court lifting such a stay, if implemented. On December 7, 2006, prior to Zuniga filing his response to the Motion for Extension, the Court granted Defendant's Motion for Extension by Minute Order (Dkt. No. 195).

Zuniga now moves the Court to reconsider its Minute Order of December 7, 2006, arguing that Defendant already filed motions in limine in this case on February 21, 2006 (*See* Dkt. Nos. 133-137) and that the December 4, 2006 motion in limine deadline set by Magistrate Judge Joyner

---

[1] On September 1, 2006, Plaintiffs Zuniga and Vaughn filed a Motion for Leave to File Second Amended Complaint (Dkt. No. 176), wherein both Plaintiffs sought leave to file a Second Amended Complaint for the same reasons articulated in Plaintiff Zuniga's motion currently at issue. Because Plaintiff Vaughn was thereafter dismissed from this action, the Court entered an Order on November 7, 2006, directing Plaintiff Zuniga to inform the Court as to whether he wanted to individually pursue the Motion for Leave to File Second Amended Complaint. Plaintiff Zuniga thereafter filed an individual motion seeking leave to file a Second Amended Complaint (Dkt. No. 187), which is currently before the Court. The Motion for Leave to File Second Amended Complaint previously filed by both Plaintiffs (Dkt. No. 176) is accordingly deemed MOOT.

4

on October 12, 2006 was "in error."[2]  According to Zuniga, "there is no reason to extend the motion in limine deadline or to allow the filing of additional motions in limine by either party."  (Pl.'s Req. for Ct. to Recons. Order Granting Mot. for Extension 4.)

Because the Court inadvertently granted Defendant's Motion for Extension before Zuniga had time to respond to same, the Court GRANTS Zuniga's request to reconsider its previous order and VACATES the Order granting Defendant's Motion for Extension, which was entered by Minute Order on December 7, 2006 (Dkt. No. 195).  The Court's decision with regard to Zuniga's Motion for Leave to File Second Amended Complaint will necessarily alter the schedule of this case and will likely affect the necessity of additional motions in limine.   Accordingly, the Court STRIKES the current schedule in this case and REFERS this case to Magistrate Judge Joyner for a Scheduling Conference.  As part of said Scheduling Conference, this Court also REFERS Defendant's Opposed Motion for Extension of Time to File Motions in Limine (Dkt. No. 194) to Magistrate Judge Joyner, to be ruled on in conjunction with the Scheduling Conference.

### IV. Defendant's Motion to Withdraw its Motion to Stay Pending Tenth Circuit Ruling

Defendant previously moved the Court to strike the current Scheduling Order and stay the matter pending resolution of *Mendelsohn v. Sprint*, Case No. 05-3150 (10th Cir.) in Defendant's Motion to Stay Pending Tenth Circuit Ruling (Dkt. No. 193).  Defendant now seeks to withdraw this motion given the Tenth Circuit's recent denial of the Petition for Rehearing in *Mendelsohn*.  For good cause shown, Defendant's motion to withdraw (Dkt. No. 204) is hereby GRANTED and

---

[2]  Plaintiff is well-advised to inform the Court of alleged Scheduling Order "errors" immediately after issuance of the Scheduling Order.  In the instant case, such notice would have assisted in avoiding confusion regarding the motion in limine deadline.

5

Defendant's motion to stay (Dkt. No. 193) is DEEMED MOOT.

### V. Conclusion

For the reasons stated herein, Plaintiff Zuniga's Motion for Leave to File Second Amended Complaint (Dkt. No. 187) is GRANTED, Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 176) is deemed MOOT, and Zuniga is directed to file his Second Amended Complaint within ten (10) days of the date of this Order.

Zuniga's Request for Court to Reconsider its Order Granting Opposed Motion for Extension of Time to File Motions in Limine (Dkt. No. 197) is GRANTED.  The Court VACATES its previous Order, which granted an extension to file motions in limine (Dkt. No. 195). The Court also STRIKES the current schedule in this case and REFERS this case to Magistrate Judge Joyner for a Scheduling Conference.  The Court also REFERS Defendant's Opposed Motion for Extension of Time to File Motions in Limine (Dkt. No. 194) and Defendant's Opposed Motion for Continuance of Trial Date and Pretrial Filings (Dkt. No. 149) to Magistrate Judge Joyner, to be ruled on in conjunction with the Scheduling Conference.

Finally, Defendant's motion to withdraw (Dkt. No. 204) is hereby GRANTED and Defendant's motion to stay (Dkt. No. 193) is DEEMED MOOT.

**ORDERED THIS 25th DAY OF JANUARY 2007.**

*[signature: Terence Kern]*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**