**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VALENTINO ZUNIGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02-CV-807 GKF-SAJ |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**OPINION AND ORDER**</u>

The following motions are now before the Court: (1) Defendant's Motion for Protective Order to preclude Plaintiff from deposing Donald Carlisle, the former General Manager of the Boeing Facility in Tulsa [Docket No. 221]; and (2) Mr. Carlisle's Motion to Quash Deposition Subpoena served on him by Plaintiff [Docket No. 220].

On March 26, 2007, this Court held a telephonic hearing to determine three separate motions filed by Defendant seeking relief from the Court, including the two aforementioned motions. The third motion, seeking an expedited ruling, was Defendant's Motion to Continue Subpoenaed Deposition of Donald Carlisle [Docket No. 223]. Since Plaintiff had no objection[1] to Defendant's Motion to Continue Deposition [Docket No. 223], the motion was granted by the Court. The other motions were not decided during the March 26, 2007 telephonic hearing. Instead, Defendant's Motion for Protective Order [Docket No. 221] and Mr. Carlisle's Motion to Quash Deposition Subpoena [Docket No. 220] was taken under

---

[1] Plaintiff raised no objection, subject to the following condition:  If the presently set Carlisle deposition was to be continued to allow the Court to fully consider the issues, then the deposition subpoena served on Carlisle must continue to remain in full force and effect.  Therefore, the Court's order granting the Motion to Continue the Deposition also ordered that the deposition subpoena remains effective "to a convenient date and time should the Court allow Mr. Carlisle to be deposed." Docket No. 228.

advisement to allow the Court to receive and review of the Supplement to Plaintiff's response brief [Docket Nos. 229, 230], and Defendant's Reply Brief [Docket No. 231]. Both parties consented to have the motions decided upon the papers without a hearing for oral argument.

For the reasons discussed below, the Court denies Defendant's Motion for Protective Order [Docket No. 221]. The Court also denies Mr. Carlisle's Motion to Quash Deposition Subpoena [Docket No. 220].

## I. INTRODUCTION

This case involves a dispute arising from Plaintiff's claims against his former employer after Plaintiff was laid off in June 2002 at the age of 62. The first claim, filed in October 2002, is for age discrimination under the federal Age Discrimination in Employment Act of 1967 (ADEA). On January 25, 2007, Plaintiff was permitted to file a second amended complaint. The second amended complaint set forth Plaintiff's second claim – a tort cause of action based upon age discrimination under Oklahoma state law – which is recognized by a 2006 Oklahoma Supreme Court case. *Saint v. Data Exchange*, 2006 OK 59, 145 P.3d 1037 (Okla. 2006).

With the addition of Plaintiff's second claim, Plaintiff has the potential of recovering both emotional distress and punitive damages. Oklahoma Uniform Jury Instruction 5.9 (OUJI 5.9) – Exemplary or Punitive Damages, Second Stage – lists certain factors a jury is to consider in determining the amount of punitive damages to award. *Okla. Uniform Jury Instructions* – Civil, Instruction 5.9, in Vernon's Oklahoma Forms (2d ed. West 2003). The eighth factor listed under OUJI 5.9 asks the jury to consider "[t]he number and level of

employees involved in causing or concealing the misconduct." *Id.* The eighth factor only applies when the defendant is a corporation or other entity. *Id.* As a result, Plaintiff seeks to depose Mr. Carlisle – the highest ranking official at the Tulsa facility at the time of Plaintiff's termination – to inquire into his knowledge of certain statistical analyses designed by Defendant to indicate  whether a disparate impact was occurring in employees aged 55 or older.

## II.  DISCUSSION

Defendant, The Boeing Company, moves the Court for a protective order prohibiting the deposition of one of its former "apex" officers, Donald Carlisle.  In similar fashion, Mr. Carlisle moves the Court to quash the deposition subpoena issued by Plaintiff, Mr. Zuniga. Both motions seek the same end result, and therefore, each have jointly submitted combined briefing in support of their respective motions.  To simplify, any reference *infra* by the Court to "Defendant" would include both The Boeing Company and Donald Carlisle.

Plaintiff contends that the deposition of Mr. Carlisle is proper because Mr. Carlisle has personal knowledge about issues relevant to Plaintiff's case.  More specifically, Plaintiff claims that Mr. Carlisle was aware of four statistical analyses ("Impact Ratio Analyses") showing a disparate impact on the older workers in Plaintiff's work group.

Defendant argues that deposing Mr. Carlisle will result in cumulative discovery, and that its effect will be vexatious and harassing.  In support of this argument, Defendant points to the fact that Plaintiff has already deposed 17 management witnesses regarding the  Employee  Reduction  Process  (ERP),[2]  including  five  Human  Resource  (HR)

---

[2]

The ERP was a process implemented by Boeing to facilitate the layoffs that occurred after September 11, 2001.  Under the ERP, employees were rated by their immediate supervisors and then ranked within their work groups.  Then, the Skill Team

representatives.  Defendant further points out that Plaintiff has already deposed Denise Hendrickson, the HR representative who developed the ERP used in Tulsa; Joe Clark, who created the statistical analyses; and Paula Noble, who was Joe Clark's supervisor.  Ms. Noble was designated by Boeing as its representative to testify on its behalf during Rule 30(b)(6) deposition in connection with the statistical analyses that were created by Boeing during the 2002 and 2003 reductions in force.  Moreover, Defendant asserts that Plaintiff has deposed each and every manager who reviewed Plaintiff's relative rankings produced through the ERP.  Defendant cites to *Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) to support the proposition that Mr. Carlisle – a high ranking company official – should not be subjected to a deposition when (1) the Plaintiff has not demonstrated that Mr. Carlisle possesses unique or superior knowledge of information relevant to the issues in the case, or (2) when the information sought could be obtained from the other 17 management witnesses previously deposed.

The determination of whether an "apex" employee should be deposed has been previously reviewed by this Court.  *Evans v. Allstate Insurance Co.*  216 F.R.D. 515 (N.D. Okla 2003).  In *Evans*, this Court discussed the standard for evaluating whether or not a corporate officer should be deposed.

> The law governing depositions of "apex" employees is well articulated in *Folwell v. Hernandez*, 210 F.R.D. 169 (M.D.N.C. 2002).  In noting Sara Lee Corporation's reliance on the decision in *Baine v. General Motors*, 141 F.R.D. 332 (M.D. Ala. 1991), the *Folwell* Court stated:
>
> > The *Baine* Court held that Rule 26(b) gives the court power to regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about

---

(a group of managers) reviewed the rankings and the lowest ranking employees were laid off when layoffs were announced.

4

> the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive. . . .
>
> . . . Moreover, the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case.

*Evans*, 216 F.R.D. at 518-19.

The Court notes that *Evans* is in accord with *Thomas*, which has been cited by both Plaintiff and Defendant.

The application of law to this case, however, causes a result different than evinced in *Evans*. Here, Plaintiff's case is a statistical one based on the an evaluation of Defendant's ERP and its Impact Ratio statistical analyses. Defendant claims that Paula Noble told Mr. Carlisle about the statistical analyses and that it had no disparate impact. See Defendant's Brief, pp. 4-5; Defendant's Reply Brief, p. 4. Plaintiff shows, however, by way of deposition testimony that Paula Noble told Mr. Carlisle about the statistical analyses and that adverse impact was "occurring possibly by chance." See Plaintiff's Response Brief, p. 10. Obviously, this witness has personal knowledge about issues relevant to Plaintiff's case.

The relevancy also extends to the issue of Plaintiff's punitive damage claim. As previously mentioned, OUJI 5.9 lists certain factors a jury is to consider in determining the amount of punitive damages to award. *Okla. Uniform Jury Instructions* – Civil, Instruction 5.9, in Vernon's Oklahoma Forms (2d ed. West 2003). The eighth factor of OUJI 5.9 asks the jury to consider "[t]he number and level of employees involved in causing or concealing the misconduct." *Id*. The eighth factor only applies when the defendant is a corporation or other entity. *Id*. Accordingly, the information regarding the statistical analyses made

5

available to Mr. Carlisle – Boeing's highest ranking official in Tulsa at the time of plaintiff's termination – is also relevant to Plaintiff's punitive damage claim.

Discovery is hereby extended 30 days for the sole purpose of taking and completing the deposition of Mr. Carlisle.  The parties are to confer for the purpose of scheduling the deposition.  No other dates under the scheduling order are extended.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order to preclude Plaintiff from deposing Donald Carlisle, the former General Manager of the Boeing Facility in Tulsa [Docket No. 221] is hereby **denied**; and (2) Mr. Carlisle's Motion to Quash Deposition Subpoena served on him by Plaintiff [Docket No. 220] is also hereby **denied**. Discovery is extended as set forth herein.

DATED THIS 4TH DAY OF APRIL, 2007.

Sam A. Joyner
United States Magistrate Judge